The question in this action is, whether the statute passed the 10th December, 1847, "in relation to the "fees and compensation of certain officers in the city and "county of New York," is void.
First. The appellant claims that it is void, because passed in violation of art. 3, sec. 16, of the constitution, which provides that "no private or local bill * * * shall embrace "more than one subject, and that shall be expressed in the "title."
1. Does this act embrace more than one subject? In my opinion it does not; and that subject is the compensation of certain officers in the city and county of New York. This statute simply changes the mode of compensating four officers in that city and county, by giving them salaries instead of perquisites, and regulating the manner and consequences of such change. Separate and independent subjects are not united; so as to embarrass our legislators in understanding, and voting intelligibly upon them; or so as to oblige them to vote for one measure of which they disapprove, to secure another of which they approve; or so as to combine different interests, and thereby pass an unjust or unwise law, which are the legislative evils this provision of the constitution was intended to prevent; and surely the act in question is far removed from each and all of them. A subject,
like a tree in material things, has a body and branches, and like a proposition in morals, incidents and consequences. A change in the manner of paying certain officers in the state, or in a county, is about as single a subject for legislation as can be selected; and how absurd and useless it would have been, in the present case, for the legislature to have repeated four times, in four different laws, the same title and provisions, with the only exception of the name of the office, and how equally absurd and useless to pass a separate act with a separate title, to regulate each of the incidents and consequences of the change.
2. Is this act private or local in the sense of the constitutional *Page 298 
provision under consideration? In my opinion it is neither; but being satisfied for the reasons above given, that it embraces but one subject, I will only say, that regulating the amount and manner of paying the officers, or any given number of the officers of a county of this state, for their official services, when such services are rendered in, and form a part of the administration and execution of the laws of this state, and affect equally the whole citizens thereof, who come within their range, can neither be private or local, in the view contemplated by the constitution.
Second. The appellant insists that this act is void because it violates article 1, section 6, of the constitution of this state, which declares that, "No person shall be * * * deprived of "* * * property without due process of law; nor shall private "property be taken for public use, without just compensation;" "and because it also violates article 1, section 10, of the constitution of the United States, which provides that, "No state shall * * * pass * * any law impairing the obligation "of contracts."
At the general election, on the 3d of November, 1846, the appellant was elected "county clerk for the city and county "of New York," for the period of three years from 1st January, 1847, on which day, the appellant entered upon the duties of his office and continued to perform them. By the laws of this state he was entitled, when elected, and when he entered upon the duties of his office, to certain fees as a compensation for his official services, and the argument on his behalf now is, that these fees were his absolute property while he held the office, and as the act of the legislature gave him an annual salary for the last two years of his official term, and directed him to pay the fees earned during the same period into the treasury of the city and county of New York for the use thereof, it took from him his property in contravention of the constitutional provisions of this state, and the United States above mentioned.
It must be observed that the law was passed on the 10th of *Page 299 
December, 1847, to take effect on the 1st January, 1848, and consequently did not interfere with any fees already received or earned by the appellant, but was entirely prospective, and related to his right, if right it may be called, to receive the fees established by law for his official services after the 1st of January following. The argument in his favor therefore, if it has any force, must rest on the proposition, that he had an absolute, vested and indefeasible right of property in the fees prescribed by law for his official duties, and so full and perfect as to be beyond legislative control during his official term. Such a proposition in this country, where offices are not held by grant, or bestowed for the benefit of the incumbent, but are created and regulated by the constitution and laws for the benefit of the community, is, to say the least of it, startling, and in my opinion exceedingly unsound. Before testing it, however, by reason and authority, it may be well to inquire, whether there is anything peculiar to the office in question which distinguishes it from offices generally in the feature under consideration.
It was said on the argument to have been created by the charter of the city of New York, and on that account was held forth as something different from offices established by the constitution or laws of the state.
The constitutional and legislative history of this office has been fully and correctly given by Mr. Justice Sandford in his opinion in this cause, and shows, that it has lost its existence under the charter, and been recreated by the constitution and laws of the state, and that in truth, the present office is a new and separate legal creation, and neither in name or duties conforms to the old charter office of "common clerk of the "city;" and I concur in his conclusion that "we must lay "out of view the city charter and all the vested rights supposed "to be derived from that instrument." This office stands on the footing of all other offices in this state of like character, so far as regards the power of the legislature to regulate its duties and fees; indeed, it is more intimately connected *Page 300 
with the judiciary and the administration of the laws and less local in its duties, than any other similar office in the state — while the clerks of the other counties in the state keep the minutes of the proceedings and records of the supreme court, circuit courts, courts of oyer and terminer, county courts and courts of sessions in their respective counties, and record all deeds, mortgages and other papers relating to lands situated therein, the clerk of the city and county of New York only keeps the records and minutes of proceedings of the supreme court, circuit courts and courts of oyer and terminer held therein. (Laws of 1847, p. 338, sec. 65.) It is to the fees of such an office with such duties, that the appellant claims he has an absolute, vested and indefeasible right; and the inquiry will now be made, whether such claim is founded in reason or authority.
The duties and fees of the county clerk of the city and county of New York are all prescribed by various acts of the legislature; in none of which, or in the nature of the subject is there expressed or implied an intention not to alter or repeal them as occasion may require or the legislative will direct; nor is there any provision in the constitution limiting the sovereign power of the legislature over the subject. This view of the appellant's pretensions appears to preclude the existence of any principle known or recognized under our institutions and laws upon which he can claim to restrict the power of the legislature over the duties and fees of the office he happens to hold for the time being. There is, however, no necessity of enlarging on this branch of the case, for our judiciary have settled it. InWarner v. The People, (7 Hill, 81; 2 Denio, 272,) it was held that "the legislature "may regulate and add to or diminish the duties or "the fees of a constitutional office." Under a power so unrestricted, it is obvious, that it is the right and duty of the legislature, whenever they deem the measure just and proper, to alter or abolish the fees of an office, or make any other disposition of them, and compensate the officer by salary paid, *Page 301 
either out of the public treasury or the fees of his office. All citizens who are elected or otherwise appointed to office, accept the official trust, with a full knowledge and understanding that they are subject to the power of the legislature in respect to the fees or compensation they are to receive, except where the constitution provides specifically otherwise as in the case of some judicial and other offices. This aspect of the subject entirely removes every pretence of an absolute, vested and indefeasible right to the prospective fees of an office, and exhibits the pretension of a right to exclude the legislature from interfering with them during the official term of the incumbent, in a light, almost if not quite, preposterous.
Mr. Justice Sandford has referred to so fully, and reviewed so judiciously the authorities on the proposition under consideration, that it appears unnecessary to re-examine them. My judgment accords with his conclusion, viz: that "these "authorities, with the nature of the duties and employment "of a public officer, seem conclusively to show that such an "officer has no property in the prospective compensation attached "to his office, whether it be in the shape of a salary "or fees."
This conclusion is decisive of the appellant's claim.
Judgment affirmed.